**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ANTHONY SWIFT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0092 AS |
| | ) | |
| TIM TODD, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about February 14, 2005, *pro se* petitioner, Anthony Swift, an inmate at the Medaryville Correctional Facility (MCF) in Medaryville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed by the petitioner on April 12, 2005 referred to an administrative hearing record. The response filed on April 25, 2005 by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). There was a reply filed by this *pro se* petitioner on May 4, 2005, which this Court has carefully examined. The Attorney General has placed before this Court a series of documents designated A through F3, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. He was the subject of a prison disciplinary proceeding at the MCF involving a Conduct Adjustment Board (CAB) in or around December 2004. The case number was MYC 04-12-0006. The sanction included a deprivation of 30 days earned time credit which

implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974) if only barely so.  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent,  Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v.  McBride,* 81 F.3d 717 (7th Cir. 1996).

The petitioner raises a question with regard to the evidence.  An inmate may challenge in federal court whether a conviction was supported by "some evidence" only where he has raised that issue in all available administrative Appeals.  *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

There is an argument here with regard to the double jeopardy clause of the Fifth Amendment of the Constitution of the United States.  There is no doubt that that double jeopardy clause has been incorporated into the Fourteenth Amendment of the Constitution of the United States in its finding where state court action is relevant.  However, it clearly does not apply to this species of proceeding as indicated by rulings of this court in *Rowold v. McBride*, 973 F.Supp. 829, 834 (N.D. Ind. 1997), and *Hundly v. McBride*, 908 F.Supp. 601 (N.D. Ind. 1994).  There is no merit to any claim with regard to double jeopardy here.

There is also a species of argument raised here with regard to equal protection.  *See Loving v. Virginia*, 388 U.S. 1 (1967).  *See also Washington v. Davis*, 426 U.S. 229 (1976). An equal protection claim must be based on intentional discrimination against a plaintiff or

petitioner because of membership in a protected class not merely that there was unfair treatment as an individual. *See  Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990).

When it is all said and done, there is no basis presented here for relief under 28 U.S.C. §2254, and such is now **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  May 9, 2005

_____**s/ ALLEN SHARP**_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

3